Filed 7/27/26  P. v. Nellum CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>DASHAUN NELLUM,<br><br>       Defendant and Appellant. | A171955<br><br>(Contra Costa County<br>Super. Ct. No. 05009815804) |

Defendant Dashaun Nellum appeals from the trial court's summary denial of his petition for resentencing pursuant to Penal Code[1] section 1172.6. He contends he made a prima facie showing for relief under the statute, thereby requiring the trial court to issue an order to show cause and hold an evidentiary hearing on his petition.  He further argues and the People concede that his $200 restitution fine should be vacated under section 1465.9. We agree that the fine should be vacated but otherwise affirm.

## I.  BACKGROUND[2]

### A. The Charges and Jury Instructions

By information filed in 1998, Nellum was charged with the murder of Daniel Pachote (§ 187; count 1) and assault with a semiautomatic firearm on

---

[1] Undesignated statutory references are to the Penal Code.

[2] We omit recitation of the facts underlying Nellum's murder conviction because they have no bearing on our resolution of this appeal.

Kerry Avalos (§ 245, subd. (b); count 2).  Count 1 alleged personal use of a firearm in the commission of the offense under sections 12022.5, former subdivision (a)(1), and 12022.53, subdivision (b).  Count 2 alleged personal use of a firearm under section 12022.5, former subdivision (a)(1), and infliction of great bodily injury under section 12022.7, subdivision (a).

At trial, the trial court instructed the jury to consider the instructions as a whole and that not all of the instructions were necessarily applicable. (CALJIC Nos. 1.01, 17.31.)  It gave standard instructions on murder, stating that a "necessary element" of murder is the "specific intent to kill a human being" (CALJIC No. 4.21), murder requires malice (CALJIC No. 8.10), malice can either be express or implied (CALJIC No. 8.11), first degree murder requires express malice along with premeditation and deliberation (CALJIC No. 8.20), and second degree murder requires malice but not deliberation and premeditation (CALJIC No. 8.30).  Malice is express when there is a manifested intent to kill a human being.  It is implied when the killing resulted from an intentional act, the natural consequences of which are dangerous to human life, and "[t]he act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life." (CALJIC No. 8.11.)

The trial court further instructed:  "In the crime and allegations charged in Count One, namely murder and voluntary manslaughter, or which is a lesser crime, there must exist a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator.  Unless this specific intent exists the crime or allegation to which it relates is not committed or is not true.  [¶]  The specific intent required is included in the definitions of the crimes or allegations set forth elsewhere in these instructions."  (CALJIC No. 3.31, brackets omitted.)  The court instructed the

2

jury that it could convict of murder only if "the proved circumstances are not only (1) consistent with the theory that the defendant had the required [specific intent] [or] [and] [mental state] but (2) cannot be reconciled with any other rational conclusion." (CALJIC No. 2.01, brackets in original.) No instructions were given regarding the felony-murder rule, the natural and probable consequences doctrine, or accomplice liability.

The trial court also instructed the jury that manslaughter is an unlawful killing without malice and may be voluntary or involuntary. (CALJIC No. 8.37.) The jury was instructed that involuntary manslaughter was the unlawful killing of a human being without malice and without an intent to kill. (CALJIC No. 8.45.) Finally, the court instructed the jury with CALJIC No. 8.51, which distinguishes between murder and involuntary manslaughter by noting that "[i]f a person causes another's death, while committing a felony which is dangerous to human life, the crime is murder. If a person causes another's death, while committing a [misdemeanor] which is dangerous to human life under the circumstances of its commission, the crime is involuntary manslaughter."

### B. Verdict & Sentencing

At the conclusion of trial, the jury convicted Nellum of the second degree murder of Pachote and found the section 12022.53, subdivision (b), firearm allegation true. The jury was unable to reach a verdict on count 2.

At sentencing in March 2000, Nellum was sentenced to a prison term of 25 years to life, consisting of 15 years to life for second degree murder and 10 years for the firearm enhancement.

### C. Changes to Homicide Law and Section 1172.6

Generally, to be convicted of murder, a person must unlawfully kill a victim with malice, which can be either express or implied.

(§§ 187, subd. (a), 188, subd. (a); *In re Ferrell* (2023) 14 Cal.5th 593, 600.) "Malice is express when a defendant intends to kill and implied when a defendant consciously disregards danger to human life." (*In re Ferrell*, at p. 600.) At the time Nellum was convicted of murder, however, a defendant's malice could be imputed under the felony-murder rule if the victim was killed during the commission of a designated felony. (See *People v. Patterson* (1989) 49 Cal.3d 615, 626 ["[t]he felony-murder rule generally acts as a substitute for the *mental state* ordinarily required for the offense of murder"].)

Effective 2019, "the Legislature amended the law of homicide, eliminating several theories of liability based on imputed malice." (*People v. Patton* (2025) 17 Cal.5th 549, 556 (*Patton*); see Stats. 2018, ch. 1015, § 4.) The amendments limited the scope of the felony-murder rule and the natural and probable consequences doctrine " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) As a result, malice "may no longer be imputed to a defendant solely because the defendant participated in another crime." (*Patton*, at p. 558; § 188.)

A defendant seeking relief from a murder conviction under a theory disallowed by these amendments may petition the trial court to vacate the conviction and be resentenced on any remaining counts. (§ 1172.6, subd. (a).) Under the statute, defendants can petition for relief in the court where they were sentenced if (1) the complaint or information filed against them allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or related theories; (2) they were convicted of murder following a trial; and (3) they could not presently be

4

convicted of murder "because of changes to [s]ection 188 or 189."
(Former § 1170.95, subd. (a); see now § 1172.6, subd. (a)(1)–(3).)

In most cases where the petitioner makes a prima facie showing that he or she is entitled to relief, the court must hold an evidentiary hearing. (§ 1172.6, subd. (d)(3).)  If, on the other hand, the petition fails to state a prima facie case for relief, it may be rejected without holding an evidentiary hearing.  (*Id.*, subd. (c).)

### D. Resentencing Petition

In September 2023, Nellum filed a petition for resentencing under section 1172.6.  By checking boxes in the form petition, Nellum alleged that an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime; he was convicted of murder; and he could not presently be convicted of murder due to changes made to sections 188 and 189.

In their opposition to the petition, the People contended Nellum did not demonstrate that he "could not presently be convicted of murder," because the record established that Nellum was the "actual killer" and the jury was never instructed with respect to the felony-murder or natural and probable consequences doctrines.  The trial court subsequently appointed counsel to represent Nellum on his petition.

In reply, Nellum asserted that the standard for establishing the requisite prima facie case was low and that the trial court could not engage in factfinding at the prima facie stage.  He further contended the instructions in CALJIC No. 8.51 allowed the jury to convict him of murder without the requisite mental state.  He also claimed that a conviction under the "second

degree felony murder rule" was invalid even where the defendant was the actual killer.

In October 2024, the trial court conducted a hearing on Nellum's petition. After the court took the matter under submission, it issued a written order denying Nellum's petition for failure to state a prima facie case. Specifically, the court concluded Nellum was not entitled to relief because the record of conviction, namely the jury instructions, conclusively established that Nellum's jury found that he acted with malice in committing the murder not because it was erroneously instructed on an aiding and abetting theory or the doctrine of natural and probable consequences.

## II. DISCUSSION

### A. Prima Facie Showing Under Section 1172.6

Nellum contends the trial court erred in failing to hold an evidentiary hearing regarding his section 1172.6 petition because the jury instructions given at trial permitted conviction of second degree murder under a felony-murder theory without a finding of malice. He points to CALJIC No. 8.51, which is entitled "Murder and Manslaughter Distinguished—Nature of Act Involved" and states, "If a person causes another's death, while committing a felony which is dangerous to human life, the crime is murder. If a person causes another's death, while committing a misdemeanor which is dangerous under the circumstances of its commission, the crime is involuntary manslaughter." (Some capitalization omitted.) We are not persuaded.

As mentioned, petitions that fail to state a prima facie case for relief may be rejected without holding an evidentiary hearing. (§ 1172.6, subd. (c).) In *People v. Lewis*, *supra*, 11 Cal.5th 952, our high court explained that "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief

6

under section [1172.6], subdivision (c)." (*Id.* at p. 972.) And while "the prima facie inquiry under subdivision (c) is limited" in that the court should not make credibility determinations or engage in factfinding involving the weighing of evidence or the exercise of discretion, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971; see *People v. Strong* (2022) 13 Cal.5th 698, 708 [court may dismiss the § 1172.6 petition at the prima facie stage if "the petition and record in the case establish conclusively that the defendant is ineligible for relief"].)

The record of conviction includes the jury instructions, and thus we may properly rely upon the instructions given at trial to determine that a defendant is not entitled to relief. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 676; see *People v. Estrada* (2022) 77 Cal.App.5th 941, 945–948 [concluding that the jury instructions "as a whole" rendered the defendant ineligible for relief under § 1172.6's predecessor as a matter of law]; *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the [§ 1172.6] petition should be summarily denied"].)

Our independent review of the record demonstrates that Nellum did not make a prima facie showing for relief. (See § 1172.6, subd. (c); *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["[w]e independently review a trial court's determination on whether a petitioner has made a prima facie showing"].) To proceed beyond the prima facie stage, the record of conviction must not "foreclose th[e] possibility" that Nellum was convicted of second degree murder on the theory that he killed Pachote while engaged in an

7

inherently dangerous felony without express or implied malice. (*People v. Curiel* (2023) 15 Cal.5th 433, 470.) But, as detailed above, no instructions were given to the jury on the felony-murder doctrine. Rather, the jury was instructed that it could convict Nellum of second degree murder only if there was a union between the act and the requisite specific intent set forth in the instructions for second degree murder. On that point, the jury was instructed that second degree murder required malice, and it was given definitions of express and implied malice. The jury was also instructed that while the requisite mental state may be shown by the circumstances surrounding the killing, it could convict Nellum on count 1 only if those circumstances cannot be reconciled with any other rational conclusion.

We presume the jurors understood and followed these instructions. (See *People v. Kerley* (2018) 23 Cal.App.5th 513, 570.) Under these circumstances, there is no reasonable possibility the jury convicted Nellum of second degree murder without finding that he killed Pachote with the mental state of either express or implied malice.

In so concluding, we reject Nellum's assertion that the trial court's giving CALJIC No. 8.51 invited the jury to find him guilty of second degree murder based solely on his commission of a dangerous felony and thus without a finding of malice.[3] While this instruction mentions inherently

---

[3] The two cases relied on by Nellum are clearly distinguishable. In *People v. DeHuff* (2021) 63 Cal.App.5th 428, the jury was instructed on second degree felony murder based on the predicate offense of evading an officer. (*Id.* at p. 432.) Moreover, the People conceded that the trial court erred in failing to find a prima facie case, so the question on appeal concerned the appropriate remedy. (*Id.* at pp. 437–438.) In *People v. Nino* (2025) 111 Cal.App.5th 844, the record of conviction did not include jury instructions because the defendant pleaded guilty to second degree murder. (*Id.* at p. 850.) The appellate court concluded the defendant made a prima facie case

dangerous felonies, the jury was not instructed on any predicate offense in the murder instructions. The only other offense on which the jury was instructed was assault with a semiautomatic firearm under section 245, subdivision (b). But those instructions were for count 2, which involved a different victim, and the jury was unable to reach a verdict on that count. Nellum nonetheless contends the jury could have considered the "grossly negligent discharge of a firearm" the predicate felony. However, the jury instructions defined "gross negligence" generally, and the "gross negligence" instruction was given in connection with the instructions on excusable homicide and did not suggest that a grossly negligent act may constitute a felony. Thus, Nellum's contention amounts to improper speculation. (See *Patton*, *supra*, 17 Cal.5th at p. 608 [where record of conviction forecloses relief under § 1172.6, prima facie case cannot be based on "mere latent, speculative possibilities"].) Moreover, the jury was instructed to consider the jury instructions as a whole and to not "single out any particular sentence . . . or instruction and ignore the others." (CALJIC No. 1.01.) As discussed above, the instructions given made clear that a conviction of second degree murder required a finding that Nellum acted with express or implied malice.

In sum, the jury instructions given compel the conclusion that Nellum was convicted of second degree murder based on a finding that he acted with malice and not through a theory of felony murder or other theory of imputed malice.[4] The trial court was therefore correct that, as a matter of law, Nellum is ineligible for relief under section 1172.6. (See *People v. Daniel*,

---

based on the § 1172.6 petition, the plea, and the preliminary hearing transcript. (*Id.* at pp. 849, 853–854.)

[4] In light of this conclusion, we need not and do not reach the People's argument that Nellum was ineligible for relief under section 1172.6 because he was the "actual killer."

9

*supra*, 57 Cal.App.5th at p. 670 [concluding the jury instructions "demonstrate that the petitioner is ineligible for relief [under § 1172.6's predecessor] as a matter of law"].)

### B. Restitution Fine

Effective January 1, 2025, section 1465.9 was amended to state that "[u]pon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance . . . shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (Assem. Bill No. 1186 (2023–2024 Reg. Sess.) § 1.) Here, the trial court imposed the $200 restitution fine more than 10 years before denying Nellum's resentencing petition. As the People concede, that fine must therefore be vacated.

### III.   DISPOSITION

The $200 restitution fine imposed pursuant to section 1202.4, subdivision (b), is vacated. The trial court shall prepare an amended abstract of judgment reflecting that the restitution fine has been vacated. The court shall then forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

10

_____
LANGHORNE WILSON, J.

WE CONCUR:


_____
HUMES, P. J.


_____
BANKE, J.

_People v. Nellum / A171955_

11